IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DYNAMIC MEASUREMENT
GROUP, INC., an Oregon
Corporation

        Plaintiff,

V.

UNIVERSITY OF OREGON,
MIA TUAN,
EDWARD J. KAME'ENUI,
FRANCIS J. FIEN IV,
BRAD SHELTON,
HOP SKIP TECHNOLOGIES, INC.,

        Defendants.

CASE NO: 6: 14-CV-01295-TC

ORDER AND OPINION

MCSHANE, Judge:

Magistrate Judge Thomas Coffin filed a Findings and Recommendation (ECF No. 71) and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). Both Defendant, the University of Oregon, and Counterclaim-Defendant, Dynamic Measurement Group, Inc., filed objections to the Findings and Recommendation. ECF No.76, 77. Accordingly, I have reviewed this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and adopt the Findings and Recommendations in full.

Counterclaim-Defendant Dynamic Measurement Group, Inc. (DMG) first argues that Judge Coffin should have granted its motion for summary judgment, ECF No. 48, against

1 – ORDER AND OPINION

Defendant University of Oregon (UO) as it related to UO's trademark claims. DMG contends the UO's federal trademark claims should be dismissed because (1) the relevant statute of limitations was two years and UO should not receive the protections of O.R.S. § 12.250[1] because it was not working for the benefit of the state of Oregon, or, (2) even if UO fell under the auspices of O.R.S. § 12.250, UO delayed for 10 years and laches should bar the trademark claim because the University's delay was factually and presumptively unreasonable. I disagree. UO brought its claims under the Lanham Act, 15 U.S.C. § 1501 *et. seq.*, which does not contain a statue of limitations. Therefore, courts have generally presumed that Congress intended for them to "borrow" the statue of limitations from the most closely analogous state statute. *See, e.g.*, Reed *v. United Transp. Union*, 488 U.S. 319, (1989). As UO claims DMG obtained its trademarks through fraud, ECF No. 40, the applicable limitations period is found in O.R.S. § 12.110(1); it is two years. However, O.R.S § 12.250 states that the limitation in O.R.S. § 12.110(1) does not apply to actions brought in the name of the state.

The first part of DMG's argument, that the two-year statute of limitations applies because UO should not receive the protections of O.R.S. § 12.250, fails because, as Judge Coffin correctly noted, "Prior to July 1, 2014, the University was... expressly an instrumentality of the state." *See* O.R.S. § 351.011; ECF. No. 71. Moreover, even after July 1, 2014, UO has a governing board, and while it is not a body of local or municipal government, it may still be an instrumentality of the state if it carries out the state purpose of educating its citizenry, has certain delegated powers from the state, and is subject, at least in part, to legislative control. *Clarke v. Oregon Health Scis. Univ.*, 343 Or. 581, 594 – 96 (Or. 2007); O.R.S. § 352.033. As UO fits these

---

[1] O.R.S. § 12.250 states in its entirety: "Unless otherwise made applicable thereto, the limitations prescribed in this chapter shall not apply to actions brought in the name of the state, or any county, or other public corporation therein, or for its benefit."

2 – ORDER AND OPINION

parameters, Judge Coffin correctly found that UO is not subject to the statute of limitations in O.R.S. § 12.110(1) because O.R.S. § 12.250 protects it as an instrumentality of the state.

The second part of DMG's argument, that UO's delay was presumptively and factually unreasonable so that laches should bar the trademark claims, is similarly unpersuasive. Laches is an equitable defense that is distinct from a statute of limitations, however, a laches determination is made with reference to the applicable statute of limitations. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Therefore, if a plaintiff files an action before the statute of limitations has expired, there is a strong presumption that laches is inapplicable. *See, e.g.,* Shouse *v. Pierce County*, 559 F.2d 1142, 1147 (9th Cir. 1977). Similarly, if the plaintiff files an action after the limitations period has expired, then there is a presumption that laches is applicable. *See, e.g., Brown v. Kayler*, 273 F.2d 588, 592 (9th Cir. 1959). In this case, as the two-year statute of limitations is inapplicable to UO, there is no presumption of laches and UO's delay was thus not presumptively unreasonable.

Turning to DMG's argument that UO's delay was factually unreasonable and therefore its trademark claims were barred by laches, I agree with Judge Coffin and conclude that there are questions of fact regarding UO's delay that preclude summary judgment. In order for laches to be applicable, the court will first look to the length of the delay and then to its reasonableness. *Jarrow Formulas*, 304 F.3d at 838. In order to be successful, the party asserting laches must show that 1) the delay was unreasonable, and 2) the party asserting laches would be prejudiced if the infringement were to continue. *Id*. A party is permitted to delay a suit in order to balance the cost of litigation with the scope of the infringement. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 954 (9th Cir. 2001). However, if a party delays a suit in order to capitalize on the infringing party's industry, then the delay is not justifiable. *Id*. In this case, there is evidence that UO knew

that DMG was using what it considered to be its trademark. *See, e.g.,* ECF No. 52 – 11. However, despite all the exhibits and declarations there is scant record pertaining to UO's rationale surrounding its delay in filing a trademark cancellation. Therefore, I agree with Judge Coffin and will not grant DMG's motion for summary judgment, ECF No. 48, as it relates to laches in order to more fully develop the record.

Defendant UO asserts that Judge Coffin erred in determining that DMG successfully showed that it had expressly repudiated UO's ownership interest in the work that comprised DIBELS[2] 6th. UO argues that there was no express repudiation of each of the component pieces of DIBELS 6th, which was split into 60 different copyrighted sections. DMG argues that DIBELS 6th is a marketed unit, and therefore, even though there was no express repudiation of each of the component parts, the law does not require such specificity. ECF No. 79, 7 – 8. Copyright claims that center on ownership begin to accrue when express repudiation is conveyed to the claimant. *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1255 – 56 (9th Cir. 2013). DMG mentions events in 2001, 2005, 2006, and 2007[3] that communicated express repudiation to the University. Additionally, DMG openly and notoriously sold the DIBELS 6th, IDEL[4] 7th, the 2008 version of DIBELS, DIBELS DEEP, and DIBELS Survey. This record supports Judge Coffin's determination that UO's copyright claims are time-barred under the three-year statute of limitations found in 17 USCS § 507.

---

[2] DIBELS is an acronym for Dynamic Indicators of Basic Early Literacy Skills. It is comprised of a series of quick evaluations that are designed to measure different markers in the development of literacy for grades K – 6 and, in so doing, allow teachers to target students who may experience later difficulties in literacy. ECF No. 1, ¶¶ 10 – 13. An estimated 25% of students in the US are tested with the DIBELS measures. *Id.*

[3] Specifically, DMG calls the court's attention to a 2001 letter to the University of Oregon's Office of Technology Transfer, ECF. Nos. 62 – 2, 62 – 3, a standard intellectual property disclosure form from 2005, ECF No. 52 – 13, an unsigned intellectual property agreement from 2005, ECF No. 52 – 14, the Schenkel memorandum, ECF No. 52-11, conflict of interest disclosures from 2006 and 2007, ECF Nos. 52 – 18, 52 – 19, and Congressional testimony in 2007, ECF No. 52 – 24.

[4] IDEL is an acronym for Indicadores Dynámicos del Éxito en la Lectura. While it is not a direct translation of DIBELS into Spanish, it is the analogous program.

4 – ORDER AND OPINION

In light of the foregoing, Judge Coffin's Findings and Recommendation (ECF No. 71) is adopted in full.

IT IS SO ORDERED.

DATED this 4th day of August, 2015

                                                    /s/ Michael McShane
                                                        Michael McShane
                                               United States District Judge